NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GENE MCLENITHAN, Jr., | No. 16-35376 |
| Plaintiff-Appellant, | D.C. No. 3:09-cv-00085-AC |
| v. | |
| MAX WILLIAMS, Director of Oregon Department of Corrections; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Argued and Submitted May 7, 2018
Portland, Oregon

Before: RAWLINSON and NGUYEN, Circuit Judges, and SILVER,** District
Judge.

Oregon state prisoner Gene McLenithan, Jr., appeals the district court's

order granting summary judgment in favor of Defendants-Appellees. We have

jurisdiction under 28 U.S.C. § 1291. We review the grant of summary judgment

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
**      The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

de novo. *King v. County of Los Angeles*, 885 F.3d 548, 556 (9th Cir. 2018). For the reasons below, we affirm in part, reverse in part, and remand.

In the operative complaint, McLenithan alleged five claims for relief. McLenithan has not made any arguments regarding his "deliberate indifference" claim based on the Eighth Amendment. Therefore, the district court's order granting summary judgment on that claim will be affirmed. *See Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1118 (9th Cir. 2011) (affirming summary judgment on claim not argued on appeal).

As for McLenithan's remaining four claims, two of those claims were duplicative, leaving only three claims on appeal: a claim for injunctive relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, a claim for injunctive relief and money damages under the First Amendment's Free Exercise Clause, and a claim for injunctive relief and money damages under the Fourteenth Amendment's Equal Protection Clause. These claims are brought against all five Defendants-Appellees.

Defendants-Appellees concede summary judgment should not have been granted in their favor on the three claims to the extent he seeks injunctive relief. While McLenithan asserts that the district court should have granted summary judgment entirely in his favor and seeks remand for calculation of damages, the record does not support that result.

2

McLenithan's RLUIPA and First Amendment claims required he establish that the denial of a kosher diet burdened a sincere religious belief. *See Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015) (RLUIPA); *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) (First Amendment). Viewing the record in the light most favorable to Defendants-Appellees, there is a genuine dispute of material fact regarding McLenithan's sincerity. McLenithan's long history of requesting a kosher diet suggests he is sincere, but he routinely purchased non-kosher items both before and after he was provided a kosher diet. A reasonable factfinder could conclude McLenithan's professed need for a kosher diet was not based on a sincere religious belief.

As for McLenithan's claim based on the Equal Protection Clause, there is a genuine dispute of material fact whether prison officials inquired into the sincerity of Jewish inmates' religious beliefs before providing them with kosher diets. According to McLenithan, prison officials did not. The record, however, contains a statement by a prison chaplain that Jewish inmates received kosher diets only upon showing they were "sincere practi[tioners] of Jewish belief, traditions, etc." Remand is required to determine whether Jewish inmates and McLenithan were, in fact, similarly situated.

Defendants-Appellees claim they are entitled to qualified immunity on the remaining claims, but we need not reach that issue in the first instance. The district

court concluded that defendants are entitled to qualified immunity based on its ruling that McLenithan failed to raise a triable issue concerning a constitutional violation. Because we reverse that ruling, we reverse the district court's qualified immunity ruling as well.

On remand, the district court should identify the particular acts on which McLenithan bases his claims and the particular Defendants-Appellees involved in those acts. *See Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000). Once McLenithan's allegations are clear, the district court should apply the applicable legal framework for the remaining claims and determine whether qualified immunity bars McLenithan's request for money damages.

Costs shall be taxed against Defendants-Appellees. *See* Fed. R. App. P. 39(a)(4).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**